UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: LEON EUGENE MORRIS,

Plaintiff.

Case No. 15-cv-01858-WHO (PR)
Case No. 15-cv-02169-WHO (PR)

**ORDER TO SHOW CAUSE**

Plaintiff Leon Morris, a state prisoner and frequent litigant in federal court, has filed these two civil rights actions under 42 U.S.C. § 1983, along with requests to proceed *in forma pauperis* under 28 U.S.C. § 1915. Morris is ordered to show cause on or before **October 1, 2015** why 28 U.S.C. § 1915(g) does not bar pauper status in these actions.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Under the law of this Circuit, Morris must be afforded an opportunity to persuade the Court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise sua sponte the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Morris has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) *Morris v. Duncan, et al.*, No. C 02-00928 MJJ (N.D. Cal. May 3, 2002) (civil rights action dismissed at screening for failure to state a claim); (2) *Morris v. Lushia, et al.*, No. C 00-56600 (9th Cir. Apr. 16, 2001) (appeal dismissed for failure to pay filing fee); and (3) *Morris v. Woodford, et al.*, No. C 06-15869 (9th Cir. Jun. 11, 2007) (appeal dismissed and judgment of district court summarily affirmed on the merits).

Morris therefore may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these dismissals, and because Morris does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why *in forma pauperis* should not be denied and these actions should not be dismissed pursuant to 28 U.S.C. § 1915(g). Morris's response to this order to show cause is due no later than

1  October 1, 2015.  The response must clearly be labeled "RESPONSE TO ORDER TO
2  SHOW CAUSE."  In the alternative to showing cause why this action should not be
3  dismissed, Morris may avoid dismissal by paying the full filing fee of $400.00 in each
4  action by the deadline.  Failure to file a response on or before October 1, 2015 or failure to
5  pay the full filing fee by such date will result in the dismissal of these actions without
6  prejudice to bringing his claims in new paid complaints.

7  **IT IS SO ORDERED.**

8  **Dated:** August 25, 2015



WILLIAM H. ORRICK
United States District Judge

3